**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **GREGORY RYAN WEBB,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **NO. 2:23-cv-00010** |
| **BOARD OF JUDICIAL CONDUCT, et al.,** | ) | |
| **Defendants.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Gregory Ryan Webb, an inmate at the Cumberland County Sheriff's Department, has filed seven pro se civil rights cases under 42 U.S.C. § 1983 in this Court since March 2023. These cases overlap in substance, but to keep things clear, the Court will address each case by separate Order.[1] In this case, Plaintiff has filed a motion incorporating an Amended Complaint (Doc. Nos. 10, 10-2), an application to proceed as a pauper (Doc. No. 17), and several miscellaneous motions. (Doc. Nos. 3–6, 12–17, 19–20, 23–24). The Amended Complaint is before the Court for initial review. And as explained below, this case will be dismissed for lack of standing.

## I. Application to Proceed as a Pauper

An inmate may bring a civil suit in federal court without prepaying the filing fee. 28 U.S.C. § 1915(a). Because it appears that Plaintiff cannot pay the full filing fee, his application to proceed as a pauper (Doc. No. 17) is **GRANTED**, and he is **ASSESSED** the $350.00 filing fee as follows:

The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk of Court, as an initial payment, "20 percent of the greater of—(A) the average monthly deposits to

[1] Plaintiff has also filed a habeas corpus petition, docketed under Case No. 2:23-cv-00020. That case is subject to a different legal framework than the seven cases Plaintiff recently brought under Section 1983. Plaintiff's habeas corpus case will be addressed by separate Order as well.

[Plaintiff's] account; or (B) the average monthly balance in [Plaintiff's] account for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(b)(1). After the initial filing fee is fully paid, the trust account officer must withdraw from Plaintiff's account and pay to the Clerk monthly payments equal to 20% of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10. These payments must continue until the $350.00 filing fee is paid in full. Id. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Order to the Cumberland County Sheriff's Department to ensure that the custodian of Plaintiff's inmate trust account complies with the portion of 28 U.S.C. § 1915 pertaining to payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian of his inmate trust account **MUST** ensure that a copy of this Order follows Plaintiff to his new place of confinement for continued compliance with this Order. All payments made in compliance with this Order must clearly identify Plaintiff's name and the case number as shown on the first page of this Order, and must be mailed to: Clerk, U.S. District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. Motion Incorporating Amended Complaint

Plaintiff filed a motion requesting that the Court complete a certificate of service for him, review the attachments, and "remove or don't name possible person(s) who have helped [him] in good faith." (Doc. No. 10). The motion incorporates an attached Amended Complaint. (Doc. No. 10-2). This Motion (Doc. No. 10) is **GRANTED IN PART** and **DENIED IN PART**.

Specifically, Plaintiff's attempt to file the attached Amended Complaint is **GRANTED**. At this stage in the case, Plaintiff can amend the complaint once by right. See Fed. R. Civ. P. 15(a)(1)(B) (allowing one automatic amendment less than 21 days after service of a responsive pleading). Therefore, the Clerk is **DIRECTED** to docket this filing (Doc. No. 10-2) as an

Amended Complaint. Any other request for relief in this motion, however, is **DENIED**. It is not the Court's role to complete certificates of service on Plaintiff's behalf, decide how many cases Plaintiff should bring, or pick the Defendants Plaintiff should sue. Instead, the Court can only evaluate the filings that Plaintiff himself properly submits. That duty leads the Court, at this time, to conduct an initial review of the Amended Complaint (Doc. No. 10-2).

## III. Initial Review

The Court must review and dismiss any part of the Amended Complaint if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). And because Plaintiff is representing himself, the Court holds the Amended Complaint "to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citation omitted).

### A. Summary of the Amended Complaint

The Amended Complaint references state court proceedings involving Plaintiff and his ex-wife, Lewana Castillo Webb.[2] Plaintiff, however, provides very little factual information about those proceedings, so the Court will take judicial notice of the publicly available information necessary to put the allegations in context.

Plaintiff faced two counts of domestic assault in Cumberland County Circuit Court.[3] One charge resulted in a nolle prosequi dismissal,[4] and the other led to Plaintiff being convicted and

[2] The Court will refer to Lewana Webb by her first name to avoid confusion.

[3] The charges were brought in case numbers CC1-2022-CR-130 and CC1-2022-CR-131, respectively. See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=06B0609D-033A-4A80-B73D-ECABE7C4E9FC; https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

[4] See https://cumberland.tncrtinfo.com/crCaseForm.aspx?id=CD4C3B04-C821-4C43-841B-DCAA73BAEAA5 (last visited May 22, 2023).

sentenced. Plaintiff's state criminal attorney filed a notice of appeal on March 30, 2023, and that appeal is pending in the Tennessee Court of Criminal Appeals.[5] There are also two recent civil matters in which Lewana was the plaintiff and Gregory Ryan Webb (the plaintiff in this case) is the defendant. One is a divorce case, with the most recent development being that the Tennessee Supreme Court denied Plaintiff's pro se request for discretionary review on May 10, 2023.[6] The other is an order-of-protection case, with the most recent development being that Plaintiff filed a pro se appeal to the Tennessee Court of Appeals on March 14, 2023. That appeal is pending.[7]

Plaintiff alleges that, throughout these proceedings, Cumberland County judges and attorneys (among others) conspired to deprive Plaintiff of fair legal proceedings, liberty, and parental rights. (Doc. No. 10-2 at 1–4). Plaintiff alleges that he brought this wrongdoing to the attention of the Board of Judicial Conduct ("BJC") and Board of Professional Responsibility ("BPR"), and that those organizations have ignored his pleas for help. (See id.). For that reason, Plaintiff names the BJC and BPR as Defendants in this case.

**B. Legal Standard**

To determine if the Amended Complaint states a claim for the purpose of initial review, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

---

[5] The case number for the appeal is E2023-00464-CCA-R3-CD. See https://pch.tncourts.gov/CaseDetails.aspx?id=86649&Number=True (last visited May 22, 2023).

[6] See https://pch.tncourts.gov/CaseDetails.aspx?id=86673&Number=True (last visited May 22, 2023). The Probate and Family Court case number is 2021-PF-8346, the Court of Appeals case number is E2022-01470-COA-R3-CV, and the Supreme Court case number is E2022-01470-SC-R11-CV. Plaintiff sent several pro se filings to the Court of Appeals, and the filings available for viewing through the public database reflect that this was a divorce case. See https://pch.tncourts.gov/CaseDetails.aspx?id=85656&Number=True (last visited May 22, 2023).

[7] The Circuit Court case number is CC1-2022-CV-6875, and the Court of Appeals case number is E2023-00378-COA-R3-CV. See https://pch.tncourts.gov/CaseDetails.aspx?id=86542&Number=True (last visited May 22, 2023). The pro se filings that Plaintiff sent to the Court of Appeals and are available for viewing reflect that Lewana used this case to obtain an order of protection against Plaintiff. See id.

Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations [] as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 557 (2007)).

### C. Analysis

Plaintiff brings this case under 42 U.S.C. § 1983, which allows an individual to bring a civil claim against a state actor for violating federal law. See Smith v. City of Salem, Ohio, 378 F.3d 566, 576 (6th Cir. 2004). Plaintiff alleges that the BJC and BPR are culpable for the harms inflicted by judges and attorneys throughout his state court proceedings because those organizations failed to act when Plaintiff brought the harms to their attention. As explained below, this case cannot go forward for two reasons.

#### 1. Standing

First, Plaintiff lacks standing. The constitutional requirement of "standing" applies to any party invoking federal jurisdiction. Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016) (citations omitted). To have standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992)).

Plaintiff alleges that the BJC and BPR turned a "blind eye" to various injustices inflicted upon him through state court proceedings. (See Doc. No. 10-2 at 2). But the function of the BJC and BPR is to investigate and/or conduct formal disciplinary proceedings against judges and attorneys. Private citizens, like Plaintiff, do not have a legally cognizable interest in disciplinary

investigations of state court judges and attorneys. See Mitchell v. McNeil, 487 F.3d 374, 378 (6th Cir. 2007) ("There is no statutory or common law right, much less a constitutional right, to an investigation." (citing Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973))); Halliburton v. Gay, No. 3:21-cv-00642, 2021 WL 3883951, at *3 (M.D. Tenn. Aug. 30, 2021) (holding that plaintiff lacked standing to bring Section 1983 suit against BJC chair). And even if Plaintiff could show that he had a legally cognizable interest, it would be unduly speculative to assume that a favorable decision against the BJC and BPR in this case would redress the alleged injuries Plaintiff sustained through his state court proceedings. See Lujan, 504 U.S. at 561 ("[I]t must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" (quoting Simon v. E. Ky. Welfare Rts. Org., 426 U.S. 26, 38 (1976))). For these reasons, the Sixth Circuit has held that a state-court defendant does not have standing to bring a civil case in federal court based on the BJC's alleged failure to properly investigate judges involved in his state criminal case. See Halliburton v. Gay, No. 21-5939, 2022 U.S. App. LEXIS 20776, at *5 (6th Cir. July 27, 2022). And that is just what Plaintiff is attempting to do here. Plaintiff therefore lacks standing to bring this case against the BJC and BPR. And because Plaintiff lacks standing, this case will be dismissed without prejudice. See Thompson v. Love's Travel Stops & Country Stores, Inc., 748 F. App'x 6, 11 (6th Cir. 2018) (explaining the "general rule that a dismissal for lack of standing is without prejudice").

**2. Deprivation of Federal Law**

Second, even if Plaintiff had standing, he would fail to state a claim under Section 1983. Section 1983, to restate, allows individuals to pursue certain claims based on violations of federal law. See Smith, 378 F.3d at 576. But a private individual like Plaintiff does not have a federal right to compel an investigation of judges or attorneys through BJC or BPR proceedings. See Doyle v.

Okla. Bar Ass'n, 998 F.2d 1559, 1568 (10th Cir. 1993) ("[T]he right to require the State Bar to process appellant's request for an investigation of certain lawyers is not a right guaranteed by the Federal Constitution." (quoting Saier v. State Bar of Mich., 293 F.2d 756, 761 (6th Cir. 1961))); Halliburton, 2021 WL 3883951, at *4 (concluding, in the alternative, that private individual failed to state a Section 1983 claim based on alleged improper handling of BJC complaints). "The fact is that the only one who stands to suffer direct injury in a disciplinary proceeding is the lawyer [or judge] involved." See Doyle, 998 F.2d at 1567. And because Plaintiff has not alleged that the BJC or BPR deprived him of a federal right, he fails to state a Section 1983 claim.

## IV. Conclusion

For these reasons, this case is **DISMISSED WITHOUT PREJUDICE**. Plaintiff's miscellaneous motions (Doc. Nos. 3–6, 12–17, 19–20, 23–24) are **DENIED AS MOOT**.

The Court **CERTIFIES** that an appeal in this matter would not be taken in good faith, so Plaintiff will not be granted leave to proceed as a pauper on any appeal. 28 U.S.C. § 1915(a)(3).

This is the final Order denying all relief in this case. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b).

IT IS SO ORDERED.

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE